UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| NICK HERNANDEZ, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) |
| | ) COMPLAINT |
| CONVERGENT OUTSOURCING INC., | ) |
| Defendant. | ) |

Plaintiff, Nick Hernandez (hereinafter "Plaintiff") alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b)

**PARTIES**

4. Plaintiff is a natural person, who at all relevant times has resided in San Antonio, Texas and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.     Defendant is a corporation doing business in the State of Texas, with its corporate headquarters located at 800 SW 39th St, Renton, Washington 98057.

6.     Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

7.     The FDCPA was enacted to prevent debt collectors from engaging in abusive tactics in order to collect debts from generally unsophisticated consumers.

8.     On or about November 2016 Defendant sent Plaintiff an initial dunning letter seeking to collect a debt.

9.     The debt was incurred from personal use and is therefore a consumer debt.

10.    The debt in question is over four years old rendering it beyond the statute of limitations.

11.    Within Defendant's collection letter, Defendant repeatedly offers Plaintiff different methods for settling the debt in question. However, Defendant never informs Plaintiff that the debt is not legally enforceable as beyond the statute of limitations.

12.    By using the term "settlement" Defendant is implying that the debt is legally enforceable, with a thinly veiled threat to file suit if payment is not received.

13.    Further, Defendant's letter does not advise that making any payment to Defendant could restart the statute of limitations on the debt.

14.    The Fifth Circuit has directly addressed letters like these, finding them to be a violation of the FDCPA. *See Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. Tex. 2016)

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

15. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

16. Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

17. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
> **(A)  the character, amount, or legal status of any debt; or**
>
> **(B)  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**
>
> **(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

WHEREFORE, Plaintiff, Nick Hernandez, respectfully requests that this Court do the following for the benefit of Plaintiff:

  A. Enter judgment against Defendant for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

3

B. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

C. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

18. Plaintiff demands a jury trial on all issues so triable.

Dated this 24th of October, 2017

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel
Zemel Law LLC
78 John Miller Way Suite 430
Kearny, NJ 07032
(T) 862-227-3106
dz@zemellawllc.com
Attorney for Plaintiff

4